**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MENEM VII, LLC,** **PLAINTIFF**

**v.** **No. 5:26-cv-05223-DCF**

**ROBERT D. SHEFFER**
**and STEVEN W. SMITH** **DEFENDANTS**

**COMPLAINT**

Plaintiff MENEM VII, LLC, for its Complaint in this action, states the following:

**Parties**

1. MENEM VII, LLC ("MENEM") is an Arkansas limited liability corporation.

2. MENEM's sole members are Rafael Ortega, Jr., Trustee of the Rafael Ortega, Jr., 2016 Irrevocable Spendthrift Trust, u/a/d December 22, 2026, and Emily Ann Whitaker Ortega, who along with Rafael Ortega, Jr., are Trustees of the 4th Generation II Remainder Trust, u/a/d. Rafael Ortega, Jr. and Emily Ann Whitaker Ortega are each citizens and residents of the State of Arkansas.

3. Defendant Robert D. Sheffer ("Sheffer") is an individual who is a citizen and resident of the State of California.

4. Defendant Steven W. Smith ("Smith") is an individual who is a citizen and resident of the State of Alabama.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue of this action is proper in this Court pursuant to the Guaranty agreements from which MENEM's breach of contract arises, as in entering to those agreements the Parties voluntarily consented to the jurisdiction of courts in Washington County, Arkansas.

## Factual Background

### A. The Guaranty Agreements

7. In 2024, MS Industries II, LLC, an Alabama limited liability company ("MSI"), executed and delivered a promissory note in favor of MENEM in the amount of Eleven Million Dollars ($11,000,000.00) (the "Note"), a true and accurate copy of which is attached hereto and marked as Exhibit 1.

8. On May 24, 2024, Sheffer signed and entered into a Guaranty agreement, a true and accurate copy of which is attached hereto and marked as Exhibit 2 (the "Sheffer Guaranty"), in favor of MENEM.

9. On June 5, 2024, Smith signed and entered into a Guaranty agreement, a true and accurate copy of which is attached hereto and marked as Exhibit 3 (the "Smith Guaranty"), in favor of MENEM.

10. The Sheffer and Smith Guaranty agreements are identical in substance. (Sheffer and Smith and their Guaranty agreements shall be referred to collectively hereinafter as the "Guarantors" and the "Guaranties", respectively).

11. In their Guaranties, the Guarantors "absolutely, unconditionally, and irrevocably" guaranteed the prompt and complete payment of all amounts owed under the Note by MSI and the performance of all obligations agreed to by MSI in favor of MENEM under the Note.

12. The Guarantors agreed in their Guaranties to guarantee MSI's payment of the principal amount of the Note in favor of MENEM and all accrued interest and fees and expenses (the "Guaranteed Amount").

13. Under the Guaranties, in the event of default by MSI as defined in the Note and after expiration of any cure period thereafter, the Guarantors agreed to pay the Guaranteed Amount to MENEM within ten (10) days after demand.

14. The Guarantors' obligations under their Guaranties are "irrevocable, absolute, and unconditional".

15. The Guarantors agreed that their obligations under their Guaranties are individual and independent and separate from the obligations of the other Guarantor or MSI to MENEM.

16. The Guarantors waived and relinquished all defenses that might exonerate or eliminate their liability under the Guaranties, with the sole and only exceptions of forgery as to the Note, payment of all or any part of the Guaranteed Amount, violation of the statute of limitations, accord and satisfaction, or release.

17. The Guarantors agreed that MENEM could recover its reasonable attorneys' fees incurred by MENEM to enforce the Guaranties.

**B. MSI's Default on the Note**

18. Under the Note, MSI agreed to pay $100,000.00 to MENEM on or before July 1, 2024, the payment of which was to be applied first to reimburse closing costs and the remainder to interest.

19. MSI made the $100,000 payment on July 2, 2024, and it was applied to MENEM's closing costs.

20. MSI also agreed, beginning August 1, 2024, and continuing for the next five (5) months thereafter, to make interest-only payments to MENEM on the unpaid balance of the Note at the Prime Rate plus 1.5%, with each payment due on the first (1st) of each month.

21. MSI made one interest payment of $90,411.00 to MENEM on August 7, 2024.

22. MSI also agreed that, from February 1, 2025, through July 1, 2025, the interest rate on the Note would become fixed through the Maturity Date (July 1, 2025) at the then current Prime Rate plus 1.5%, and MSI agreed to make monthly payments during that time period on the first (1st) day of each month in an amount sufficient to fully amortize the total remaining balance of the Note, including any remaining closing costs and applicable interest.

23. MSI has not made any other payments to MENEM on the Note after August 7, 2024.

24. The Note from MSI in favor of MENEM reached its final maturity on July 1, 2025.

25. MSI has failed to remit to MENEM the full remaining amount owed under the Note either by July 1, 2025, or any date thereafter.

26. As of today's date, MSI owes MENEM a total of $14,451,782.91 to satisfy the Note in full.

27. Interest on the amount owed by MSI to MENEM on the Note accrues at the daily rate of $4,219.18.

### C. Notice of Default and Demand for Payment

28. By letter dated February 12, 2026, through its counsel, MENEM notified MSI that it was in default on the Note and demanded payment in full. (A true and accurate copy of that letter is attached hereto and marked as Exhibit 4.)

29. In the same February 12, 2026, letter, MENEM demanded that Smith honor and satisfy his obligations under the Guaranty and pay the amount owed by MSI in full.

30. By letter dated April 9, 2026, through its counsel, MENEM demanded that Sheffer honor and satisfy his obligations under the Guaranty and pay the amount owed by MSI in full. (A true and accurate copy of that letter is attached hereto and marked as Exhibit 5.)

31. Smith has failed and/or refused to pay any amount owed by MSI to MENEM.

32. Sheffer has failed and/or refused to pay any amount owed by MSI to MENEM.

## Count One
## Breach of Contract

33. MENEM adopts and incorporates by reference each and all the allegations of Paragraphs 1-32, above, as if fully set forth herein.

34. Through the Guaranties, Sheffer and Smith entered into contracts with MENEM in which they independently guaranteed and promised to satisfy in full the payment obligations of MSI to MENEM under the Note.

35. Sheffer and Smith have each breached the Guaranties by failing and/or refusing, after written demand, to pay the amount owed by MSI to MENEM under the Note.

36. MENEM has been damaged as a proximate result of Sheffer and Smith's separate and independent breaches of the Guaranties.

WHEREFORE, based on the foregoing, MENEM demands a judgment against Sheffer and Smith in an amount equal to all sums owed by MSI to MENEM under the Note at the time of the judgment (including unpaid principal and accrued interest), all reasonable attorneys' fees incurred by MENEM in this action, costs of this action, and for such other and further relief as this Court determines to be appropriate.

Date: September 1, 2026.

Respectfully submitted,

*/s/ Jay Ebelhar*
**JAY EBELHAR (BPR # 2013019)**

PHELPS DUNBAR LLP
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120
Telephone: (901) 259-7212
Facsimile: (901) 259-7130
E-Mail: jay.ebelhar@phelps.com

*/s/ Michael E. Turner*
**MICHAEL E. TURNER**
(Pro Hac Vice Motion to be filed)

PHELPS DUNBAR LLP
2025 3rd Avenue North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 716-5200
Facsimile: (205) 716-5389
E-Mail: michael.turner@phelps.com

Attorneys for Plaintiff,
MENEM VII, LLC