# Exhibit 1

# PROMISSORY NOTE

FOR VALUE RECEIVED, the receipt and adequacy of which are hereby acknowledged, the undersigned MS Industries II, LLC, an Alabama limited liability company ("Maker") promises to pay to the order of MENEM VII, LLC, an Arkansas limited liability company ("Payee"), the sum of Eleven Million Dollars ($11,000,000.00) and any additional costs or fees contemplated under this Note or the Loan Agreement, along with legal expenses and title-related as determined by Payee and provided to Maker by the Maturity Date (together, the "Closing Costs"), with interest thereon from this date accruing at a rate equal to that published by the Wall Street Journal as its "prime rate" ("Prime Rate") plus 1.5%, calculated on the basis of a 365-day year for the actual number of days elapsed. The entire balance due hereunder is due and payable on or before July 1, 2025 ("Maturity Date"). Maker will make payments made as outlined on the attached Schedule A, commencing on July 1, 2024.

The Maker may prepay any indebtedness referenced herein in any amount at any time prior to maturity without premium or penalty. Prepayments shall be applied toward the last maturing installments of principal, and any regularly scheduled installments shall continue as provided in the Note. Interest on the prepaid principal will immediately cease to accrue.

The payment of this note is secured by the assets of the Maker, including real property located in Franklin and Lawrence Counties, Alabama, and certain real property owned by Guarantor Steven D. Smith located in Lawrence County, Alabama, more particularly described in a Mortgage securing this note executed in conjunction herewith (the "Asset"). The total amount is due on the Maturity Date.

In the event of an occurrence of an Event of Default, or any part thereof or any extension or renewal thereof, when same becomes due, the holder of this indebtedness shall have the option to declare the entire indebtedness to be immediately due and payable. Notice of the exercising of said option is hereby waived and no delay in the exercise of it shall be construed as a waiver of such right; and said option may be exercised at any subsequent time during default. For the purpose of this Promissory Note, ("*Events of Default*") shall have the following meaning:

Default Events. The occurrence of any of the following events shall constitute an "Event of Default" under the Promissory Note:

A. Non-Payment. Maker shall fail to make any payment of the Principal or Accrued Interest required by the Promissory Note when due and payable, whether by reason of maturity, acceleration, or otherwise.

B. Bankruptcy. Make shall file a voluntary petition of bankruptcy or an involuntary petition shall be filed against the Maker of this Promissory Note.

C. Breach of Agreement. Maker, Mortgagor or Guarantor shall fail to comply with any provision of this Promissory Note, the Security Agreements, the Mortgages, the Pledge Agreement, the Guaranties, and any other document, instrument, note, or security agreement, that now or hereafter evidences, secures or relates to the Loan to which the Maker, Mortgagor or any Guarantor is a party and all extensions, renewals, modifications, and amendments thereof.

D. Judgments and Attachments. Any judgment or out of court settlement shall be rendered against the Asset or Maker or in any way affecting title to the Property.

E. Non-Payment of Tax or Liability. Maker shall fail to pay any tax, assessment, or other liability on the Asset when due.

F. Transfer. Maker shall assign or transfer directly or indirectly, voluntarily or involuntarily, all or any part of the Asset.

G. Appointment of Receiver. A receiver shall be appointed for the Asset or Maker.

H. Assignment for Benefit. Maker shall make any assignment for the benefit of creditors.

I. Dissolution. Dissolution, termination of existence, merger, consolidation of Maker, or the death of Guarantor.

J. Insolvency. Maker shall be insolvent.

K. Failure of Security. Payee shall fail or cease to have continuing perfect security interest or Lien in the Asset.

L. Default under other Agreements. Any event which results in the acceleration of the maturity of any present or future indebtedness of Maker to Payee, or if Maker defaults under any contract, promissory note, mortgage, deed of trust, indenture, or other agreement.

M. Repudiation. Maker shall purport to repudiate Maker's obligations under this Promissory Note, or Maker shall contest the validity of enforceability of this Promissory Note.

N. Condemnation. Any Governmental Authority shall commence any Litigation to condemn all or any material part of the Asset.

Maker shall have ten (10) days after the occurrence of an Event of Default to cure such Event of Default. In the event any one or more of the Events of Default shall have occurred, and the lapse of the foregoing cure period, the holder of this Promissory Note may proceed against Maker and Guarantors for any reason whatsoever without any duty to treat the Maker and Guarantors equally and to protect and enforce its rights either by suit in equity and/or by action at law, or by other appropriate proceedings, whether for the specified performance of any covenant or agreement contained in this Promissory Note or in aid of the exercise of any power or right granted by this Promissory Note, or to enforce any other legal or equitable right of the holder of this Promissory Note.

No delay on the part of the holder of this Promissory Note in the exercise of any power or right under this Promissory Note, or under any other instrument executed pursuant hereto, shall operate as a waiver thereof, nor shall a single or partial exercise of any such power or right preclude any other or further exercise thereof or the exercise of any other right or power hereunder. Enforcement by the holder of this Promissory Note of any security for the payment hereof shall not constitute any election by it of remedies so as to preclude the exercise of any other remedy available to it.

The Maker agrees to indemnify the holder of this Note for all reasonable attorneys' fees which are incurred for services actually rendered in the collection of this Promissory Note.

Except as otherwise specifically provided for herein, Maker, and each surety, endorser, guarantor, mortgagor and other party ever liable for the payment of any sum of money payable on this Promissory Note, jointly and severally waive demand, presentment, protest, notice of non-payment, notice of intention to accelerate, notice of protest and any and all lack of diligence or delay in collection or the filing of suit hereon which may occur, and agree that their liability on this Promissory Note shall not be affected by any renewal or extension in the time of payment hereof, by any indulgences, or by any release or change in any security for the payment of this Promissory Note; and hereby consent in any and all renewals, extensions, indulgences, releases or changes, regardless of the number of such renewals, extensions, indulgences, releases or changes. Maker further release Payee and its officers, attorneys, agents and employees, from all claims, whether now existing or hereafter occurring, for loss, damage, or setoff caused by any act or omission on the part of Payee or its officers, attorneys, agents or employees, except willful misconduct.

This Promissory Note and all the covenants and agreements contained herein shall be binding upon, and shall inure to the benefit of, the respective legal representatives, heirs, successors and assigns of the Maker and Payee and any of their assignees; provided, however that Maker may not, without the prior written consent of Payee, assign any rights, powers, duties or obligations under this Promissory Note. Payee may assign this Promissory Note to any person without the prior written consent of Maker.

This Promissory Note is given and received as evidence of the indebtedness recited herein and not in satisfaction thereof. This Promissory Note, as well as any Mortgage, and all Personal Guaranties, executed among Maker and Payee contain the entire agreement of Maker and Payee and no other oral or written agreements, other than those incorporated herein by the terms hereof, shall be binding on either. These aforementioned documents are incorporated herein by reference as though set out word for word. Maker represents and warrants that Maker has neither been influenced by any Person to enter into this Promissory Note, nor relied on any representations, warranty, or covenant of any Person except for those representations, warranties, and covenants set forth in these aforementioned documents. Maker and Payee agree that: (a) it shall be unreasonable for either to have or rely on any expectation not reflected in the provisions of the aforementioned documents; (b) if either has or shall develop an expectation contrary to or in addition to the provisions of these aforementioned documents, it shall have a duty to immediately give notice to the other; and (c) if either shall fail to obtain an amendment to this Promissory Note after having developed an expectation contrary to or in addition to the provisions of this Promissory Note, such failure shall be an admission for evidentiary purposes in

any litigation that the expectation was not reasonable and was not part of the final binding agreement between Maker and Payee.

DATED: June 4, 2024.

MS INDUSTRIES II, LLC

BY: ____________________
Steven D. Smith
ITS: Manager

STATE OF ALABAMA
COUNTY OF LAWRENCE

I, the undersigned, a Notary Public in and for the State of Alabama, do hereby certify that ***MS Industries II, LLC***, by and through an authorized member, manager or owner thereof, whose name is signed to the foregoing instrument, and who is known to me and with full authority executed the same voluntarily as the act and deed of MS Industries II, LLC, on the day the same bears date.

Given under my hand and official seal this 5 day of June, 2024.

Sharon M. Cole
Notary Public
My Commission Expires: ____________

SHARON M. COLE
EXPIRES
NOTARY
PUBLIC
MARCH 13, 2028
ALABAMA STATE AT LARGE

## SCHEDULE A

Maker will pay $100,000.00 on or before July 1, 2024. This payment will be applied first to reimburse Closing Costs then the balance will be applied to interest.

Beginning on August 1, 2024 and continuing for the subsequent five (5) months, Maker will pay interest only payments on the unpaid balance at Prime Rate plus 1.5% on the first (1st) day of each month. Example: For a principal amount of $11,000,000 and an interest rate of Prime Rate plus 1.5% per annum, the monthly interest payment would be calculated as follows: $11,000,000 times (.085+.015) / 12 = $91,667.

Beginning February 1, 2025 through July 1, 2025, the interest rate shall become fixed through the Maturity Date at the then current Prime Rate plus 1.5% and Maker will make a monthly payment on the first (1st) day of each month in an amount which is calculated to fully amortize the total remaining balance of the amounts due hereunder, including any remaining Closing Costs and applicable interest. Example: For a principal amount of $11,000,000 as of February 1, 2025 and an interest rate of Prime Rate plus 1.5% per annum, the fully amortized payments from February 1, 2025 through July 1, 2025 would be $2,255,304.28 per month.