# Exhibit 3

# GUARANTY

THIS GUARANTY is made by Steven D. Smith, an Alabama resident (referred to herein as "Guarantor") in favor of MENEM VII, LLC, an Arkansas limited liability company ("Payee").

W-I-T-N-E-S-S-E-T-H

For valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

1. Subject and Purpose. On this date, MS Industries II, LLC, an Alabama Limited Liability Company("Maker") made a promissory note in the amount of Eleven Million Dollars ($11,000,000.00) (the "Promissory Note") to MENEM VII, LLC. A copy of the Promissory Note executed between Guarantor and Payee has been reviewed by Guarantor. To secure the prompt and complete payment of all amounts due under the Promissory Note, Guarantor has agreed to make this Guaranty. The purpose of this Guaranty is to set forth the complete understanding of the parties as to Guarantor's obligations to Payee. Certain capitalized terms in the Guaranty have the meanings given to them in the Promissory Note.

2. Guaranty. Guarantor hereby absolutely, unconditionally, and irrevocably guarantees the prompt and complete payment of all amounts owed under the Promissory Note by the Maker (the "Guaranteed Amount") and the performance of all obligations of Maker to Payee under the Promissory Note. The Guaranteed Amount shall include the principal amount, accrued interest, and all fees and expenses.

3. Payment. After the occurrence of an Event of Default as defined in the Promissory Note and the expiration of any period of time provided in the Promissory Note for the cure of the Event of Default, Guarantor shall pay the Guaranteed Amount to Payee within ten (10) days after demand by Payee.

4. Guarantor's Liability. Guarantor's liability under this Guaranty shall be irrevocable, absolute, and unconditional, and shall not be affected by any circumstance which might constitute a discharge of a surety or guarantor, other than circumstances constituting Permitted Defenses. Each individual who is defined herein as Guarantor shall have individual obligations under this Guaranty and those obligations are independent of and separate from any obligations of Maker to Payee or another Guarantor under the Promissory Note. Specifically, Guarantor's liability shall not be affected by any of the following:

4.1. Payee's exercise or enforcement of any remedy Payee may have against Maker, or any other Person.

4.2. Payee's failure to exercise or enforce any remedy Payee may have against Maker, or any other Person or another Guarantor.

4.3. The existence of any dispute or Litigation between Payee and Maker, or any other Person or between Guarantors.

4.4. The partial payment of the Guaranteed Amount by Guarantor, Maker, or any other Person.

4.5. Payee's acceptance of any late payment under the Promissory Note.

4.6. Any insolvency, bankruptcy, reorganization, assignment for the benefit of creditors, liquidation, winding up, or dissolution of Payee, Maker, or any other Person.

4.7. Any merger, reorganization, or consolidation of Maker, or any other Person, or the sale or transfer of all or substantially all of the interest of any general or limited partner, member or stockholder (as applicable) of Maker.

4.8. The sale of all or substantially all of the assets of Maker or any other Person.

4.9. The transfer of any of Payee's rights under this Guaranty to any person.

4.10. Any extension, renewal, recission, waiver, amendment, or modification of any provision of this Guaranty or the Promissory Note.

4.11. Payee's failure to perfect any security interest in the Asset (as defined in the Promissory Note).

4.12. The sale, exchanging, enforcing, waiving, and releasing of the Asset.

4.13. The settling, releasing, compromising, collecting, or otherwise liquidating any amount due under the Promissory Note.

4.14. The marshaling of assets in favor of Guarantor, Maker, or any other Person.

4.15. The subordination of all or any part of Payee's interest in the Asset to the rights of any other Person.

4.16. The impairment of Guarantor's right of subrogation against Maker or any other Person.

4.17. Any act by Payee, Maker, Guarantor or any other Person which would discharge an obligation to pay money under a simple contract.

4.18. The lack, absence, or inadequacy of consideration.

4.19. The divorce or marital separation between individuals defined herein as Guarantor.

5. Waiver of Defenses In recognition of Guarantor's liability under this Guaranty, Guarantor waives and relinquishes any and all rights, defenses, and benefits limiting or exonerating the liability of Guarantor including, but not limited to:

5.1. Any right of offset in favor of Guarantor, Maker, or any other Person.

5.2. The rights and defenses of an "accommodation party" under the Arkansas Uniform Commercial Code - Secured Transactions, Ark. Code Ann. §4-9-101 *et seq*.

5.3. The incapacity or lack of authority by Maker or any other Person to execute the Promissory Note.

5.4. The marshaling of assets in favor of Maker or any other Person.

5.5. Any defense relating to clerical errors and omissions by Payee in the administration of this Guaranty and the Promissory Note.

5.6. Any defense of Guarantor, Maker, or any other Person which would discharge an obligation to pay money under a simple contract.

5.7. Any defense relating to an election of remedies by Payee.

5.8. Any defense relating to the impairment of Guarantor's right of subrogation against Maker, or any other Person.

5.9. Any defense relating to the lack, absence, or inadequacy of consideration.

5.10. Any defense arising out of those matters identified in Paragraph 4 of this Guaranty.

6. Waiver of Certain Other Rights. Guarantor waives and relinquishes all rights of presentment for payment, notice of non-payment, protest, notice of protest, notice of intent to accelerate, notice of dishonor, notice of acceptance, and demand.

7. Permitted Defenses. Notwithstanding the foregoing, Guarantor may assert the following defenses in any Litigation involving the enforcement of this Guaranty (the "Permitted Defenses"):

7.1. Forgery of the Promissory Note.

7.2. Payment of all or any part of the Guaranteed Amount.

7.3. Violation of the applicable statute of limitations.

7.4. Accord and Satisfaction, or Release.

Provided however, Guarantor may not assert any other defenses in any Litigation involving the enforcement of this Guaranty.

8. Consents. Guarantor hereby consents to and agrees that any of the following actions may be taken by Payee without notice to Guarantor and without the requirement of any amendment to this Guaranty:

8.1. The principal amount or Interest Rate of the Promissory Note may be increased or decreased.

8.2. The Promissory Note may be amended or modified in any respect.

8.3. The Promissory Note may be renewed.

8.4. The time, manner, or place of any payment of the Guaranteed Amount may be extended, modified, or waived.

8.5. The time for the performance of the obligations of Guarantor, Maker, or any other Person under this Guaranty or the Promissory Note may be extended or waived.

8.6. Payee may discharge or release, in whole or in part, Maker, or any other Person from any liability under the Promissory Note.

8.7. Payee may discharge or release, in whole or in part, the Asset for the Promissory Note.

8.8. Payee may sell the Asset after an Event of Default (as defined in the Promissory Note).

8.9. Payee may compromise, settle, or offset any liability of Maker or any other Person to Payee.

8.10. Payee may accept any partial or late payment of the Guaranteed Amount by Guarantor, Maker, or any other Person.

8.11. Payee may consent to any merger, reorganization, or consolidation of Maker or any other Person, or the sale or transfer of any interest of any general or limited partner, member or stockholder (as applicable) of Maker.

8.12. Payee may consent to the sale of all or substantially all of the assets of Maker or any other Person.

8.13. Payee may transfer any of Payee's rights under this Guaranty or the Promissory Note.

8.14. Payee may marshal the assets of Guarantor, Maker, or any other Person and apply any amounts collected among the liabilities of Guarantor, Maker, or any other Person, as Payee may elect in its reasonable discretion.

8.15. Payee may subordinate all or any part of Payee's interest in the Asset to the rights of any other Person.

9. Guaranty of Payment. This Guaranty represents Guarantor's guaranty of payment of the Guaranteed Amount and is not merely a guaranty of collectability of the Guaranteed Amount.

10. Continuation; Reinstatement. This Guaranty is a continuing guaranty and shall continue in effect until payment in full of the Guaranteed Amount and the performance of all obligations of Maker to Payee under the Promissory Note. This Guaranty shall be effective or shall be reinstated if for any reason any payment of the Guaranteed Amount shall be rescinded or must otherwise be returned, whether as a result of proceedings in bankruptcy or reorganization or otherwise.

11. Subrogation. Until the Guaranteed Amount shall be paid in full, Guarantor shall not exercise, directly or indirectly, any rights of subrogation, contribution, indemnification, reimbursement or similar suretyship claims against Maker or any other Person arising out of this Guaranty. Guarantor acknowledges that Maker is not currently indebted to Guarantor. Any amount paid to Guarantor by either Maker or any other Person in consideration of any subrogation, contribution, indemnification, reimbursement, or similar suretyship claim shall be promptly remitted to Payee.

12. Representations and Warranties. Guarantor hereby represents and warrants as follows:

12.1. Binding Obligation. This Guaranty constitutes the legal, valid, and binding obligation of Guarantor and is enforceable in accordance with its provisions.

12.2. Tax Returns and Reports. All federal, state, and local tax returns and reports required to be filed by Guarantor have been filed or will be filed when due with the appropriate taxing authorities. All such returns and reports are, and shall be, true, correct, and complete. All federal, state, and local income, franchise, sales, use, occupation, property, excise, payroll, employment, and other taxes and assessments payable by Guarantor have been, or will be paid when due. No issues are pending with any governmental authority in connection with any of the returns and reports which might, if determined adversely to Guarantor, materially affect the financial condition of Guarantor. Guarantor has not been advised of any deficiency claimed or proposed to be claimed against or relating to Guarantor or by any governmental authority which has not been paid, settled, or adequately reserved for by Guarantor.

12.3. Conflict; Consent. The execution, delivery, and performance of this Guaranty do not, and shall not, conflict with, breach, or result in a default under any material agreement between Guarantor and any person. No consent of any person, including any governmental authority, is required before Guarantor may lawfully enter into this Guaranty.

12.4. Solvency. Guarantor is now solvent and has never in the past been the subject of any bankruptcy, insolvency, reorganization, liquidation proceeding or any other similar proceeding.

12.5. Credit Information. Any and all credit or other information provided, or to be provided, to Payee by, or on behalf of, Guarantor in connection with this Guaranty or the Guaranteed Amount is true, correct, and complete.

12.6. Compliance with Laws. Guarantor is, and shall remain, in compliance with all applicable laws in all material respects.

12.7. Litigation. There is no, pending or threatened, Litigation involving the Asset or Guarantor.

12.8. Disclosure. No statement made or document delivered by Guarantor in connection with this Guaranty contains any untrue statement of a material fact or omits a material fact necessary to make the statements in this Guaranty or any other document not misleading in light of the circumstances in which the statement was made or the document delivered. There is no fact known to Guarantor (other than matters relating to general economic conditions) which Guarantor has not disclosed to Payee in writing and which, so far as Guarantor can now foresee, is reasonably likely to have a material adverse impact on the Asset or Guarantor.

13. Guarantor's Covenants. In addition to the other obligations of Guarantor, Guarantor covenants and agrees as follows:

13.1. Financial Reports. Upon Payee's request until the Loan is paid in full, Guarantor shall deliver to Payee a true, correct and complete copy of Guarantor's financial statement, balance sheet, financial statement, income statement, statement of owners' equity, and statement of cash flow statements, all of which shall be true, correct, and complete and prepared in accordance with generally accepted accounting principles, consistently applied, except as otherwise indicated in the notes thereto.

13.2. Payment of Taxes. Guarantor shall file all federal, state, and local tax returns and reports required to be filed by Guarantor. All federal, state, and local income, franchise, sales, use, occupation, property, excise, payroll, employment taxes and assessments shall be paid when due; provided however, Guarantor need not pay any tax or assessment if Guarantor contests, in good faith, the validity or amount thereof, and has set aside adequate reserves with respect thereto. Notwithstanding the foregoing, Guarantor shall pay any such tax or assessment prior to the imposition of any lien on the Asset account of any such tax or assessment.

13.3. Tax Returns. Upon Guarantor's filing of any state or federal income tax return, Guarantor shall deliver a true, correct, and complete copy of each state or federal income tax return to Payee if such is requested by Payee.

13.4. Payment of Liabilities. Guarantor shall promptly pay when due, all of Guarantor's liabilities; provided however, Guarantor need not pay any liability if Guarantor contests, in good faith, the validity or amount thereof, and has set aside adequate reserves with respect thereto. Notwithstanding the foregoing, Guarantor shall pay any such liability prior to the attachment of any lien on the Asset on account of such liability.

13.5 Subordination. The Guaranteed Amount shall take precedence over any claim, including claims for money loaned, that the Guarantor has or hereafter may have against the Maker and Guarantor does hereby subordinate any such claim or loan to the end that payment of the Guaranteed Amount shall be made in full before any payment is made to Guarantor on any present or future claim or loan.

14. General Provisions.

14.1. Currency. The Guaranteed Amount shall be payable in the form of currency of the United States of America.

14.2. Schedules and Exhibits. All Exhibits to this Guaranty as supplemented, modified, or amended from time to time, are hereby incorporated into this Guaranty as though they were fully set forth in this Guaranty.

14.3. Governing Law; Forum. This Guaranty shall be subject to and governed by the laws of the State of Arkansas. As a further specific inducement to Payee to enter into this Guaranty, any Litigation shall be heard in the courts of Washington County, Arkansas except: (a) any Litigation involving any part of the Asset which is real property, and in that event, the Litigation shall be conducted in the county and the state where such real property is located; or (b) any Litigation subject to federal jurisdiction, not involving any part of the Asset which may be real property, and in that case the forum shall be the United States District Court for the Western District of Arkansas; or (c) any Litigation subject to federal jurisdiction involving any part of the Asset which is real property, and in that case the forum shall be the United States District Court for the district and division in which the real property is located.

14.4. Rights and Remedies Cumulative. The rights and remedies expressed in this Guaranty are cumulative and not exclusive of any rights and remedies otherwise available.

14.5. Assignment. The rights and obligations of Guarantor under this Guaranty shall not be assignable, delegable, assumable, or otherwise transferable by Guarantor. No purported transfer of this Guaranty shall ever release Guarantor of any of its obligations under this Guaranty. Payee may assign, delegate, participate, or transfer all or any part of its rights and obligations under this Guaranty with prior written notice to Guarantor.

14.6. Attorneys' Fees. If the Payee files or commences any Litigation to protect its rights or to enforce any provision of this Guaranty, the Payee may recover from the Guarantor its attorneys' fees incurred during such Litigation. Guarantor will never make a claim for Guarantor's attorneys' fees to be paid and waives any and all legal and equitable rights to have attorney fees paid by Payee for any reason whatsoever, whether reasonable or unreasonable. In addition, if Payee shall employ any attorney to protect Payee's rights or to enforce or interpret any provision under this Guaranty, Guarantor shall pay the reasonable attorneys' fees incurred by Payee.

14.7. Further Assurances. Upon request by Payee, Guarantor shall execute and deliver such other instruments and documents and take such further actions as may be necessary or convenient to carry out the provisions of this Guaranty.

14.8. Modification; Waiver. This Guaranty may be modified, amended, or waived only by a written agreement signed by the party to be bound by the modification, amendment, or waiver; provided however, no consent of Guarantor shall be required for those matters set forth in Paragraph 8 of this Guaranty. The course of dealing between Payee and Guarantor shall not modify or amend this Guaranty in any respect. Any delay by Payee in the exercise of any of their rights under this Guaranty shall not be construed as a waiver of any such rights or of the obligations to be performed by Guarantor. A waiver of a breach of any provision of this Guaranty or any waiver of an Event of Default shall not: (a) operate or be construed as a waiver of any subsequent breach or Event of Default; (b) limit or restrict any right or remedy otherwise available to the party giving such waiver; or (c) operate or be construed as a waiver of compliance as to any other provision of this Guaranty.

14.9. Binding Effect and Benefit. This Guaranty shall inure to the benefit of and shall be binding upon and enforceable by the heirs, successors, and assigns of Payee and Guarantor.

14.10. Notice. All notices, requests, demands, and other communications permitted or required by this Guaranty shall be in writing, and either delivered in Person; sent by express mail or other overnight delivery service providing receipt of delivery; or mailed by certified or registered mail, postage prepaid, return receipt requested, restricted delivery to the relevant party. All such notices and other communications, unless otherwise designated in writing, shall be sent as follows:

If To MENEM VII, LLC, PO BOX 219, Cave Springs, Arkansas 72762;

With a copy to:

Kenneth N. Hall
417 W. Maple Avenue
Springdale, AR 72764

If To Steven D. Smith: 2444 County Road 44, Mt. Hope, AL 35651

With a copy to:

Charles J. Kelley
MS Industries II, LLC
101 N. Jackson Avenue
Russellville, AL 35653

14.11. Time for Performance. Time is of the essence.

14.12. Counterparts. This Guaranty may be executed in two or more counterparts each of which shall be deemed an original, and all of the counterparts shall be deemed to constitute one and the same instrument.

14.13. Survival of Representations and Warranties. All representations and warranties made by Guarantor in this Guaranty shall survive the execution and delivery of this Guaranty, and shall continue in full force and effect until the Guaranteed Amount shall be paid in full.

14.14. Severability. Each provision of this Guaranty is severable from all other provisions of this Guaranty and the Promissory Note. If any Governmental Authority shall determine, during or at the conclusion of any Litigation, that any provision of this Guaranty shall be invalid or unenforceable, the provision shall be deemed modified to the extent necessary to render it valid and enforceable, and all remaining provisions of this Guaranty shall remain in full force and effect.

14.15. Interpretation. This Guaranty shall be interpreted as though Payee and Guarantor participated equally in their respective preparation and negotiation. Payee and Guarantor assume joint responsibility for the form and composition of each provision of this Guaranty. Unless the context would result in a conflict in the provisions of this Guaranty: (1) the gender or lack of gender of all words used in this Guaranty shall include the masculine, feminine, and neuter; (2) the singular shall include the plural; (3) the words "include" or "including" mean, in addition to any regularly accepted meaning, "without limitation" and "including but not limited to"; (4) references to Paragraphs refer to Paragraphs of this Guaranty; and (5) subject headings and captions are included for convenience only and shall not affect the interpretation of this Guaranty.

14.16. Entire Agreement. This Guaranty, Mortgage and Promissory Note, executed between the Parties contains the entire agreement of Payee and Guarantor regarding the guaranty of Guarantor, and no other oral or written agreements shall be binding on Payee. These aforementioned documents are incorporated herein as though set out word for word. Guarantor represents and warrants that Guarantor has neither been influenced by any Person to enter into this Guaranty, nor relied on any representation, warranty, or covenant of any Person except for those representations, warranties, and covenants set forth in these aforementioned documents. Guarantor agrees that: (a) it shall be unreasonable for Guarantor to have or rely on any

expectation not reflected in the provisions of this Guaranty; (b) if Guarantor has or shall develop an expectation contrary to or in addition to the provisions of this Guaranty, Guarantor shall have a duty to immediately give notice to Payee; and (c) if Guarantor shall fail to obtain an amendment to this Guaranty after having developed an expectation contrary to or in addition to the provisions of this Guaranty, such failure shall be an admission for evidentiary purposes in any Litigation that the expectation was not reasonable and was not part of the final binding agreement between Payee and Guarantor.

EXECUTED and DELIVERED on June 5, 2024.

GUARANTOR

Steven D. Smith

**ACKNOWLEDGMENT**

STATE OF ALABAMA
COUNTY OF LAWRENCE

I, the undersigned authority, in and for said County and State, hereby certify that **STEVEN D. SMITH,** whose name is signed to the foregoing and who is known to me, who being first duly sworn on oath, acknowledged before me on this day, that the statements contained herein are true and correct and he executed the same voluntarily on the day the same bears date.

Given under my hand this the 5 day of ~~May~~ June, 2024

Sharon M. Cole
Notary Public
My Commission Expires:

SHARON M. COLE
NOTARY PUBLIC
ALABAMA STATE AT LARGE
EXPIRES MARCH 13, 2028