# Exhibit 4

phelps

Phelps Dunbar LLP
2025 3rd Avenue North
Suite 1000
Birmingham, AL 35203
205 716 5200

February 12, 2026

Michael E. Turner
Partner
Michael.Turner@phelps.com
Direct 205 716-5207

**By regular U.S. Mail, UPS delivery,**
**and e-mail to ssmsindustries@gmail.com**

MS Industries II, LLC
c/o Mr. Steven D. Smith
101 N. Jackson Ave.
Russellville, Alabama 35653

Stone's Landing, LLC
2444 County Road 44
Mt. Hope, Alabama 35651

Mr. Steven D. Smith
2444 County Road 44
Mt. Hope, Alabama 35651

***Re: DEFAULT AND NOTICE OF DEMAND FOR PAYMENT – MENEM VII, LLC -- 2024 Loan Agreement, Promissory Note, and Mortgage***

Dear Mr. Smith:

This law firm represents MENEM VII, LLC ("MENEM"). As you are aware, MENEM and MS Industries II, Inc. ("MSI") are parties to a Loan Agreement (the "Agreement") and Promissory Note (the "Note") dated and effective June 5, 2024, and MENEM, MSI, and Stone's Landing, LLC ("Stone's Landing") are parties to a Mortgage dated and effective June 5, 2024. Reference is made to the terms, conditions, and provisions of the Note, Agreement, and Mortgage, and all other applicable/existing agreements, contracts, and obligations executed by and between the Parties (MSI, MENEM, and Stone's Landing are collectively referred to herein as the "Parties"), as if more fully set forth therein. Certain provisions of the Note and Agreement are described below:

By and through the Note, Agreement, and other agreements and contracts, MENEM loaned MSI the total amount of $11,000,000.00 (the "Loan"). Schedule A of the Note sets out the following payment obligations on the Loan:

- First, MSI agreed to pay $100,000.00 to MENEM on or before July 1, 2024, the payment of which was to be applied first to reimburse closing costs and the remainder to interest. MENEM acknowledges that MSI made this payment on July 2, 2024, and it was applied to MENEM's closing costs.

- Second, beginning August 1, 2024, and continuing for the next five (5) months thereafter, MSI agreed to make interest-only payments to MENEM on the unpaid balance of the Loan at the Prime Rate plus 1.5%, with each payment due on the first (1st) of each month. MSI made one such interest payment of $90,411.00 on August 7, 2024, but has not made any payments thereafter.

- Third, from February 1, 2025, through July 1, 2025, the interest rate became fixed through the Maturity Date (July 1, 2025) at the then current Prime Rate plus 1.5%, and MSI agreed to make monthly payments during that time period on the first (1st) day of each month in an amount sufficient to fully amortize the total remaining balance of the Loan, including any remaining closing costs and applicable interest. As noted, MSI has failed to make any additional payments toward the Loan since the payment of August 7, 2024.

The Note reached its final maturity on July 1, 2025. However, MSI has failed to remit to MENEM the full amount owed under the Note either by that date or thereafter. As of today's date, MSI owes MENEM $12,716,075.36 to satisfy the Note in full.

Section 9.1(a) of the Agreement states as follows:

> 9.1 **Events.** The occurrence of any of the following events shall be considered an "**Event of Default**" as that term is used herein:
>
> (a) Default by [MSI] in the payment of any note evidencing any indebtedness referred to herein or in any other obligation to [MENEM], either principal or interest, or any installment thereof, as and when due and payable and such payment default continues for ten (10) days or more following [MENEM's] written notice of such payment default.

Further, the Note states as follows:

> Default Events. The occurrence of any of the following events shall constitute an "Event of Default" under the Promissory Note:
>
> A. Non-Payment. [MSI] shall fail to make any payment of the Principal or Accrued Interest required by the Promissory Note when due and payable, whether by reason of maturity, acceleration, or otherwise.

Finally, the Mortgage states as follows in Paragraph 11:

> 11.1 Events. The occurrence of any of the Events of Default by Mortgagor more particularly described in the Promissory Note (referred to therein as Maker) executed by Mortgagor in connection with this transaction shall constitute an "Event of Default" under this Mortgage.
>
> 11.2 Cure. Mortgagor shall have ten (10) days after the occurrence of an Event of Default under Paragraph 11.1 to cure such Event of Default.

As a result of failing to make payments as required under the Note and Agreement, MSI is in default of its obligations under the Note, Agreement and Mortgage. Likewise, Stone's Landing is in default of the Mortgage for the same reasons. Moreover, MSI is in default because the Note matured on July 1, 2025, but MSI has failed to satisfy the amount owed on the Loan in full by that date.

Pursuant to Section 9.1(a) of the Agreement, Paragraph 11.2 of the Mortgage, and the Note, MENEM hereby provides formal notice to MSI and Stone's Landing of their default and further demands that MSI and Stone's Landing cure the default by paying the remaining balance owed on the Loan in full to MENEM within ten (10) business days of the date of this letter.

By separate notice herein to Mr. Steven D. Smith, pursuant to the separate Guaranty that he executed on June 5, 2024, in favor of MENEM, Mr. Smith is further demanded to cure MSI's default by paying the remaining balance owed on the Loan in full within ten (10) business days of the date of this letter.

This letter is being sent on behalf of MENEM to preserve all rights and remedies it may have under the Parties' Note, Agreement, Mortgage, and other applicable and existing contracts and agreements, as well as the referenced Guaranty. MENEM would much prefer to resolve this matter amicably without the need for litigation or other legal remedies. However, MENEM reserves and preserves all legal rights and remedies that it may have against MSI and Stone's Landing, and against Mr. Smith individually, to recover the amount owed on the Loan or to otherwise enforce its legal remedies in the event that the remaining balance owed on the Loan is not paid within the stated time period. If the Loan is not paid in full by the stated deadline, then MENEM may seek to exercise any or all its available legal remedies at any point thereafter, and it does not agree to send any additional notices or communications to MSI, Stone's Landing, or Mr. Smith before it does so unless as required by the Parties' legal agreements or applicable law.

Nothing stated in this letter is intended to waive any legal rights, arguments, or positions that MENEM may have with respect to this matter or under the Note, Agreement, Mortgage, or any other written contracts or agreements with MSI, Stone's Landing, or Mr. Smith. MENEM also reserves the right to pursue some, but not all, of its

legal remedies without prejudice to or waiver of any other legal remedies or rights it may have under the Parties' agreements. Finally, MENEM's decision not to immediately pursue any legal remedies at the expiration of the 10-day cure period is not intended and shall not be considered a waiver of any of its legal rights.

We appreciate and request MSI and Stone's Landing's immediate attention to this matter. You or your attorney(s) may contact the undersigned with any questions.

Very truly yours,

PHELPS DUNBAR LLP

By: Michael E. Turner

Attorneys for MENEM VII, LLC

MET/ks

cc (regular U.S. Mail, UPS delivery, and e-mail):

Charles J. Kelley
MS Industries II, LLC
101 N. Jackson Avenue
Russellville, Alabama 35653
ckelley@msind.com

cc: (by e-mail)

Mr. John F. Christmas, COO
MS Industries II, LLC
jchristmas@msind.com