# Exhibit 5

phelps

Phelps Dunbar LLP
2025 3rd Avenue North
Suite 1000
Birmingham, AL 35203
205 716 5200

April 9, 2026

Michael E. Turner
Partner
Michael.Turner@phelps.com
Direct 205 716-5207

**By regular U.S. Mail and UPS delivery**

Mr. Robert D. Sheffer
161 Cumulus Avenue
Sunnyvale, California 94087-1448

***Re: DEFAULT AND NOTICE OF DEMAND FOR PAYMENT – MENEM VII, LLC -- 2024 Loan Agreement, Promissory Note, and Mortgage with MS Industries, LLC & Robert D. Sheffer Guaranty***

Dear Mr. Sheffer:

This law firm represents MENEM VII, LLC ("MENEM"). As you are aware, MENEM and MS Industries II, Inc. ("MSI") are parties to a Loan Agreement (the "Agreement") and Promissory Note (the "Note") dated and effective June 5, 2024, and MENEM, MSI, and Stone's Landing, LLC ("Stone's Landing") are parties to a Mortgage dated and effective June 5, 2024 (collectively, the "Loan"). And on May 24, 2024, you executed a separate Guaranty (copy enclosed) with respect to the Loan. Reference is made to the terms, conditions, and provisions of the Note, Agreement, and Mortgage, and all other applicable/existing agreements, contracts, and obligations executed by and between the Parties (MSI, MENEM, Stone's Landing, and you are collectively referred to herein as the "Parties"), as if more fully set forth therein.

Pursuant to the Guaranty, among other things, you "absolutely, unconditionally, and irrevocably" guaranteed the "prompt and complete payment of all amounts owed under the [Note] by [MSI] (the "Guaranteed Amount") and the performance of all obligations of [MSI] to [MENEM] under the [Note]. The Guaranteed Amount shall include the principal amount, accrued interest, and all fees and expenses." You further agreed that your liability under the Guaranty "shall be irrevocable, absolute, and unconditional" and you waived all by a few, specific defenses to such liability (that have no application).

Enclosed for further background and reference is a copy of my February 12, 2026, letter to MSI notifying it of its default on the terms and conditions of the Agreement, Note, and Mortgage and demanding payment in full to MENEM within ten (10) days of the date of that letter. However, MSI has not cured its default and has not made any payments to MENEM to satisfy any part of the indebtedness owed under the Loan since the foregoing notice of default was delivered.

Pursuant to the terms of your Guaranty, on behalf of MENEM, you are now separately demanded to cure MSI's default by paying the remaining balance owed on the Loan in full by no later than May 1, 2026. The full amount due on the Loan can be provided to you upon request.

MENEM reserves and preserves all legal rights and remedies that it may have against you, individually, to recover the amount owed on the Loan or to otherwise enforce its legal remedies in the event that the remaining balance owed on the Loan is not paid within the stated time period. If the Loan is not paid in full by the stated deadline, then MENEM may seek to exercise any or all its available legal remedies at any point thereafter, and it does not agree to send any additional notices or communications to you before it does so except as may be as required by the Guaranty or applicable law.

Nothing stated in this letter is intended to waive any legal rights, arguments, or positions that MENEM may have with respect to this matter or under the Note, Agreement, Mortgage, or any other written contracts or agreements with MSI, Stone's Landing, Steven W. Smith, or you. MENEM also reserves the right to pursue or delay the pursuit of some, but not all, of its legal remedies without prejudice to or waiver of any other legal remedies or rights it may have under the Parties' agreements.

We appreciate and request your immediate attention to this matter. You or your attorney(s) may contact the undersigned with any questions.

Very truly yours,

PHELPS DUNBAR LLP

By: Michael E. Turner

Attorneys for MENEM VII, LLC

/met
Enclosures