**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MENEM VII, LLC,** **PLAINTIFF**

**v.** **No. 5:26-cv-05223-DCF**

**ROBERT D. SHEFFER**
**and**
**STEVEN W. SMITH** **DEFENDANTS**

**DEFENDANT ROBERT SHEFFER'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Robert D. Sheffer ("Sheffer"), for his Answer and Affirmative Defenses to Plaintiff MENEM VII, LLC's ("MENEM") Complaint, states as follows:

**Parties**

1. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 1 and therefore denies the same.

2. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 2 and therefore denies the same.

3. Sheffer admits the allegations contained in paragraph 3.

4. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 4 and therefore denies the same.

**Jurisdiction and Venue**

5. The allegations contained in paragraph 5 constitute a legal conclusion to which no response is required. To the extent a response is required, Sheffer denies the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 constitute a legal conclusion to which no response is required. To the extent a response is required, Sheffer denies the allegations contained in paragraph 6.

## Factual Background

## A. The Guaranty Agreements

7. The document referenced in paragraph 7 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 7. Sheffer specifically denies having seen the executed Note prior to being served with a copy of the executed Note in connection with this litigation.

8. The document referenced in paragraph 8 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 8. Sheffer specifically denies that he was presented with and had an opportunity to view the executed Note prior to executing the Sheffer Guaranty.

9. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 9 and therefore denies the same.

10. The documents referenced in paragraph 10 are documents that speaks for themselves, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 10.

11. The documents referenced in paragraph 11 are documents that speaks for themselves, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 11.

12. The document referenced in paragraph 12 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 12.

13. The document referenced in paragraph 13 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 13.

14. The document referenced in paragraph 14 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 14.

15. The document referenced in paragraph 15 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 15.

16. The document referenced in paragraph 16 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 16.

17. The document referenced in paragraph 17 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 17.

## B. MSI's Default on the Note

18. The document referenced in paragraph 18 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 18.

19. Sheffer admits that a $100,000.00 payment was made on July 2, 2024, but is without sufficient knowledge or information to respond to the remaining allegations contained in paragraph 19 and therefore denies the same.

20. The document referenced in paragraph 20 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 20.

21. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 21 and therefore denies the same.

22. The document referenced in paragraph 22 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 22.

23. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 23 and therefore denies the same.

24. The document referenced in paragraph 24 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 24.

25. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 25 and therefore denies the same.

26. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 26 and therefore denies the same.

27. The document referenced in paragraph 27 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 27.

## C. Notice of Default and Demand for Payment

28. The document referenced in paragraph 28 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 28.

29. The document referenced in paragraph 29 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 29.

30. The document referenced in paragraph 30 is a document that speaks for itself, and Sheffer expressly denies any recitations, characterization, or summaries inconsistent therewith, and Sheffer denies the allegations contained in paragraph 30.

31. Sheffer is without sufficient knowledge or information to respond to the allegations contained in paragraph 31 and therefore denies the same.

32. Sheffer denies the allegations contained in paragraph 32.

## Count One
## Breach of Contract

33. Sheffer restates and incorporates his responses to the previous paragraphs as though set forth fully herein.

34. Sheffer denies the allegations contained in paragraph 34.

35. Sheffer denies the allegations contained in paragraph 35.

36. Sheffer denies the allegations contained in paragraph 36.

Sheffer denies that MENEM is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 36.

## GENERAL DENIAL

Sheffer denies each and every allegation of the Complaint, including the headings, prayers for relief, and any allegation contained in any exhibit, that is not expressly and specifically admitted above.

## DEMAND FOR JURY TRIAL

Sheffer hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. MENEM's claims are barred, in whole or in part, because MENEM has failed to join necessary and/or indispensable parties to this action.

3. MENEM's claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, ratification, unjust enrichment, and unclean hands.

4. MENEM's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

5. MENEM's claims are barred, in whole or in part, by MENEM's failure to perform all conditions precedent to recover under one or more of the purported contracts.

6. MENEM's claims are barred, in whole or in part, because the one or more of the purported contracts are void or voidable as a result of fraud because, among other things, other parties to the transactions failed to provide material information about the transactions including accurate copies of the purported contracts and/or related documents.

7. MENEM's claims are barred, in whole or in part, because MENEM materially breached one or more of the purported contracts.

8. MENEM's claims are barred, in whole or in part, because MENEM failed to act in a commercially reasonable manner in connection with one or more of the purported contracts.

9. MENEM's claims are barred, in whole or in part, because one or more of the purported contracts are unconscionable because, among other things, other parties to the transactions failed to provide material information about the transactions including accurate copies of the purported contracts and/or related documents.

10. MENEM's claims are barred, in whole or in part, because MENEM failed to mitigate its alleged damages, if any.

11. MENEM's claims are barred, in whole or in part, because MENEM failed to provide proper written notice of demand for payment to one or more Defendants.

12. MENEM's claims are barred, in whole or in part, because Sheffer is entitled to a set off of all purported amounts allegedly owed to MENEM.

13. MENEM's claim for an award of attorney fees fails as a matter of law because MENEM has failed to plead any basis that would give rise to MENEM's right to an award of attorney fees.

14. Sheffer reserves the right to amend his Answer and raise additional Affirmative Defenses that may become available during the course of discovery in this matter.

WHEREFORE, Defendant Robert D. Sheffer, having fully answered the allegations contained in Plaintiff MENEM VII, LLC's Complaint, prays the Court enter judgment in his favor and against Plaintiff on each and every count or claim contained in Plaintiff's Complaint, for his costs and attorney fees herein incurred, and for such other and further relief as the Court deems just and proper.

***Respectfully submitted,***

**SPENCER FANE LLP**

*/s/ W. Doug Reynolds*

W. Doug Reynolds AR 2025025
2144 E. Republic Rd., Ste. B300
Springfield, MO 65804
T: (417) 888-1000; F: (417) 881-8135
dreynolds@spencerfane.com

Todd P. Lewis AR 96226
4375 N. Vantage Dr., Ste. 405
Fayetteville, AR 72703
T: (479) 582-5711; F: (479) 587-1426
tlewis@spencerfane.com
***Attorneys for Defendant/Crossclaim Plaintiff/Counterclaim Plaintiff Robert D. Sheffer***

## CERTIFICATE OF SERVICE

I certify that, on the 9th day of October, 2026, I electronically filed the foregoing through the Court's CM/ECF system, which sent notice of such filing to:

Jay A. Ebelhar
Phelps Dunbar LLP
999 S. Shady Grove Road
Suite 500
Memphis, TN 38120
901-462-2600
Fax: 901-259-7266
Email: jay.ebelhar@phelps.com

*/s/ W. Doug Reynolds*

W. Doug Reynolds AR 2025025